# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAVIER APONTE, | )<br>)<br>) |
| Petitioner, | ) Civil Action No. 11-817<br>) |
| vs. | )<br>) Judge David S. Cercone/ |
| BRIAN COLEMAN; and PA. ATTORNEY GENERAL, | ) Magistrate Judge Maureen P. Kelly<br>)<br>) |
| Respondents | )<br>) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254 be transferred to the United States District Court for the Eastern District of Pennsylvania because that is the District wherein the state court conviction of Javier Aponte ("Petitioner") was obtained, and, as such, it is the proper venue for litigation of the underlying allegations of the Petition.

### II. REPORT

Petitioner is currently incarcerated at the State Correctional Institution at Fayette ("SCI-Fayette"), which is located in LaBelle, Pennsylvania, Fayette County, which is within the territorial boundaries of the United States District Court for the Western District of Pennsylvania. 28 U.S.C. § 118(c). He initially filed this Petition in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 2254. The Middle District Court transferred the Petition to this Court because Petitioner was housed at SCI-Fayette at the time of

filing. ECF No. [3]. In the Petition, he challenges the validity of his conviction, which was obtained in the Berks County Court of Common Pleas, which is located within the territorial boundaries of the United States District Court for the Eastern District of Pennsylvania. ECF No. [1] at 1, ¶ 1(b) (referencing criminal docket number CP-06-CR-0003044-2008).[1] Because that conviction arose out of Berks County, the interests of justice weigh in favor of transferring this case to the United States District Court for the Eastern District of Pennsylvania.

### A. Applicable Legal Principles and Discussion

The power of this court to grant the writ is founded upon 28 U.S.C. § 2241(a) which provides that the "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge **within their respective jurisdictions**." (emphasis added).

At the time of the commencement of this action, Petitioner was in prison at SCI-Fayette. Consequently, both the Western District and the Eastern District have "jurisdiction" to entertain this petition. See 28 U.S.C. § 2241(d).[2] See also Dunne v. Henman, 875 F.2d 244, 248-50 (9th

---

[1] The Court takes judicial notice of the criminal court docket of Berks County in Petitioner's criminal case, which is available at: http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?docketNumber=CP-06-CR-0003044-2008 (last visited 7/28/2011).

[2] Section 2241(d) provides that

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in

Cir. 1989) ("The fact that a prisoner is outside the territorial limits of a federal district court does not deprive it of subject matter jurisdiction. A district court has *subject matter* jurisdiction over a habeas petition alleging a violation of federal law under federal question jurisdiction.") (citations omitted); Irving v. Breazeale, 265 F.Supp. 116, 120 n.9 (S.D. Miss. 1967) (even though petitioner was incarcerated in the Northern District of Mississippi, the Southern District of Mississippi, in which the petitioner's state trial was conducted, had jurisdiction over his habeas petition filed there), aff'd, 400 F.2d 231 (5th Cir. 1968). Although this Court possesses subject matter jurisdiction to entertain this petition, it is not required to exercise such jurisdiciton if the interests of justice counsel otherwise.

### 1. Venue[3]

Venue in habeas corpus related cases filed by state prisoners challenging their convictions, is proper in either the federal district in which the state conviction was obtained or the federal district in which the petitioner was incarcerated at the time of filing the habeas petition. See Walker v. Lockhart, 620 F.2d 683, 684 n.1 (8th Cir. 1980) (although petitioner was confined in the Eastern District of Arkansas, he filed his habeas petition in the Western District wherein his state trial was held, the court held that "venue was properly laid in the Western District. 28 U.S.C. § 2241(d).").

In this case, either this Court or the United States District Court for the Eastern District of

---

furtherance of justice may transfer the application to the other district court for hearing and determination.

[3] The issue of proper venue may be raised *sua sponte* by a court. See Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996).

Pennsylvania, has jurisdiction to hear this petition. However, this Court must exercise its discretion and determine whether transferring this case to the Eastern District would be "in furtherance of justice." 28 U.S.C. § 2241(d). In performing this venue analysis, courts may rely upon traditional venue considerations. See Braden v. 30th Judicial District, 410 U.S. 484, 493 (1973); Garcia v. Pugh, 948 F.Supp. 20, 23 (E.D. Pa. 1996). These considerations include: (1) the location where the underlying material events took place; (2) the location where records and witnesses pertinent to the claim are likely to be found; (3) the convenience of the forum for the petitioner and the respondent and; (4) the familiarity of the court with the applicable laws. Roman v. Ashcroft, 162 F.Supp.2d 755, 765 (N.D. Oh. 2001).

Application of these traditional venue considerations to the facts of this case reveals that this case should be transferred to the United States District Court for the Eastern District of Pennsylvania. First, the underlying material event, which was Petitioner's criminal trial and conviction took place in Berks County, Pennsylvania in the Eastern District. Second, all of the records and most of the participants are presumably located in Berks County. Third, in terms of convenience of the forum, if a hearing is held, it will be more convenient for most of the witnesses and the District Attorney of Berks County to litigate this petition in the Eastern District. Obviously, Petitioner would be temporarily transferred to a Pennsylvania Department of Corrections facility near Berks County were a hearing to be required. Fourth, the factor of the familiarity of the court with the applicable laws is evenly balanced as both this Court and the Eastern District Court are familiar with the law of Pennsylvania. Considering all of these factors in the context of this particular action, the factors weigh heavily in favor of transferring this case to the United States District Court for the Eastern District of Pennsylvania where the state

criminal trial was held.

It has been the general practice of the federal district courts in Pennsylvania to transfer habeas corpus petitions to the federal district court where the Court of Common Pleas is located that conducted the underlying criminal trial of the petitioner. Ortiz v. Pennsylvania, No. 3:10cv028, 2010 WL 936448, at *1 (M.D.Pa., March 15, 2010) (action transferred from the "district (where petitioner is in custody) to the United States District Court for the Eastern District of Pennsylvania (where petitioner was convicted) in keeping with agreed practice of the United States District Courts for the Middle, Eastern, and Western Districts of Pennsylvania."); Nightingale v. Vincent, No. Civ.A. 08-95J, 2008 WL 1943427, at *2 (W.D.Pa., May 2, 2008) ("Moreover, the federal district courts in the three separate districts in the Commonwealth of Pennsylvania all follow the uniform practice of transferring habeas petitions filed by persons incarcerated within their districts to the district which encompasses the county in which the petitioner was convicted."). See also Rouzer v. DiGuglielmo, Civ.A. No. 07-0268, 2007 WL 853750, at *1 (E.D.Pa., March 20, 2007).

After weighing all of the relevant factors and considering the general court practice, it is recommended that the case be transferred to the Eastern District of Pennsylvania as the situs of the state court criminal trial.

## III. **CONCLUSION**

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed until September 8, 2011, to file objections. Failure to timely file objections will constitute a waiver of any appellate rights. Brightwell v. Lehman, 637 F.3d187, 193 n.7 (3d Cir. 2011).

s/Maureen P. Kelly
                                             Maureen P. Kelly
                                             U.S. Magistrate Judge

Dated: August 22, 2011

cc:   The Honorable David S. Cercone
      United States District Judge

      JAVIER APONTE
      SCI Fayette
      Legal Mail-OPEN ONLY IN THE PRESENCE OF THE INMATE
      P.O. Box 9999
      LaBelle, PA 15450